**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0586n.06

No. 07-6260

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 20, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| ANTWAUN GILDEN, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |

**Before: SILER, MOORE, and GRIFFIN, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Antwaun Gilden pleaded guilty to possession with intent to distribute five grams or more of cocaine base and to possession of a firearm in furtherance of drug trafficking. At his sentencing hearing, Gilden objected on the basis that the Presentence Investigation Report ("PSR") contained facts that he had not admitted as part of his plea agreement and that these facts might negatively impact his classification by the Bureau of Prisons ("BOP"). The district court declined to rule on this objection because, as Gilden and the PSR agreed, the facts in question would not affect the length of Gilden's sentence. Gilden appeals the district court's actions and argues that the district court erred by failing to attach a copy of its rulings on Gilden's objections to the PSR as required by Federal Rule of Criminal Procedure 32(i)(3)(C) and by failing to resolve a factual dispute that may have affected Gilden's placement by the BOP.

The relevant part of Rule 32 reads:

At sentencing, the court:

    (A)    may accept any undisputed portion of the presentence report as a finding of fact;

    (B)    must–for any disputed portion of the presentence report or other controverted matter–rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and

    (C)    must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Fed. R. Crim. P. 32(i)(3). We require literal compliance with Rule 32 and apply harmless-error analysis to any violations. *United States v. Roberge*, 565 F.3d 1005, 1011 (6th Cir. 2009).

At sentencing, Gilden objected to the description of facts contained in the PSR. The district court listened to argument regarding this objection and complied with Rule 32(i)(3)(B); it considered Gilden's objection and determined that a ruling was unnecessary because resolution would not affect sentencing. Gilden does not argue that the district court failed to make the determination required by Rule 32(i)(3)(B). Instead, Gilden argues that the district court erred by failing to append a record of this determination to the PSR. The government does not contend that the district court appended this document, and the record does not reflect that it was attached to the PSR. Accordingly, it is clear that the district court failed to comply with the literal dictates of Rule 32(i)(3)(C). However, immediately after objecting to the description of the facts contained in the PSR, Gilden's counsel stated: "I ask if [the letter detailing Gilden's objections to the facts described in the PSR] will be attached to the presentence investigation report indicating [Gilden's] position, I think that would suffice." Joint Appendix at 94-95 (Sent'g Tr. at 5-6). In the context of this sentencing hearing, this statement by counsel would have led the district court to believe that Gilden's objection to the PSR

2

would be satisfied if Gilden's own letter was sent to the BOP. The district court attached this letter, thus alerting the BOP to the controverted facts in the manner requested by Gilden's counsel.

Because Gilden's counsel stated that Gilden's objection could be addressed by appending Gilden's letter to the PSR and because the district court complied with this request, we **DENY** Gilden's requested relief and **AFFIRM** the district court's judgment and sentence.